UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

TK&C'S LLC,

     Plaintiff,

     v.

AIRLINE DOG N SUDS INC, DAVID J
HOSTICKA,

     Defendants.

Case No. 4:25-CV-35-GSL-AZ

**ORDER**

Before the Court are several pending motions. Plaintiff filed their Motion for a

Preliminary Injunction at [DE 11]. Defendants responded at [DE 21], with Plaintiff replying at

[DE 27]. Defendants filed a Motion to Dismiss at [DE 17]. Plaintiff responded at [DE 26], with

Defendants replying at [DE 28]. Defendants then filed an Amended Motion to Dismiss at [DE

40]. Defendant also filed a Motion for Leave to file an Amended Counterclaim at [DE 42].

Defendant replied to the Motion for Leave to file an Amended Counterclaim at [DE 49], but it is

unclear which docket entry is Plaintiff's response, and Defendant does not reference it in reply.

In their response to Plaintiff's Motion for a Preliminary Injunction, and throughout the

briefing, Defendants have argued that venue is improper here, and that this Court lacks

jurisdiction. [DE 17 at 1; DE 21 at 10; DE 28 at 2, 6; DE 40 at 1]. Having reviewed the briefing,

and the argument from the hearing on July 28, 2025, the Court is ready to rule.

**I.    Venue**

All civil actions brought in federal district courts are governed by 28 U.S.C. § 1391.

When venue is challenged, the court must determine whether the case falls within one of the

three categories set out in § 1391(b). *Meyer v. Newmary Corp.,* 2020 U.S. Dist. LEXIS 105350,

at *11-12 (N.D. Ind. June 16, 2020) (citing *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013)). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws…" *Atlantic Marine Const.*, 571 U.S. at 55. Under federal law, the three categories of proper venue are:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). Plaintiffs have pled that Defendants do not reside in Indiana, therefore, category one does not apply. [DE 1]. Instead, Plaintiff argues venue is proper because this is where "a substantial part of the events or omissions giving rise to the claim occurred." [DE 26 at 6].

When considering whether the suit falls within § 1391(b)(2), "[i]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Honest Abe Roofing Franchise, Inc. v. Lesjon Holdings, LLC*, 705 F. Supp. 3d 872, 882 (citing *Vera Bradley Designs, Inc. v, Denny*, 2018 U.S. Dist. LEXIS 127391, 2018 WL 3633986 at *4 (N.D. Ind. July 30, 2018)). Instead, the Court must look at the nature of the action to determine whether a substantial part of the event or omissions giving rise to the claim were located in this district. *Meyer,* 2020 U.S. Dist. LEXIS 105350, at *13. "[F]or events to be considered 'substantial' under the statute, it is sufficient for the plaintiff to establish that the events occurring in the forum district were part of the historical predicate for the instant suit." *Meyer,* 2020 U.S. Dist. LEXIS 105350, at *11-12 (citing *Estate of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006)) (quotation omitted). "The test is not whether a majority of

the activities pertaining to the case were performed in a particular district, but whether a

substantial portion of the activities giving rise to the claim occurred in the particular

district." *Meyer,* 2020 U.S. Dist. LEXIS 105350, at \*11-12 (citing *TruServ Corp. v. Neff,* 6

F.Supp.2d 790, 792 (N.D. Ill. 1998)).

      In their Complaint, Plaintiff alleges the following facts in support of their argument that

venue is appropriate here.

> Defendants entered into a license agreement with Indiana based Dog
> 'N Suds. Defendants purchased product, including root beer, from
> Indiana based Dog 'N Suds. Defendants are subject to personal
> jurisdiction within Indiana and this judicial district, as Defendants
> conducts regular, continuous and systematic business in this Judicial
> District, and has committed the acts alleged herein adversely
> affecting Dog 'N Suds within this district. Venue as to Defendants
> is thus proper pursuant to 28 U.S.C. §1391(b).

[DE 1 at 2]. Plaintiff also points to the facts that Plaintiff's principal place of business is in this

District, that Plaintiff's injury—ongoing infringement of its marks—occurs here, that the

"license agreement was negotiated, executed, and administered from Indiana," and that

"Defendants repeatedly purchased products from Indiana and directed business communications

to Indiana." [DE 26 at 6-7].

      As an initial matter, venue would be rendered meaningless if a plaintiff could always

bring suit in its home district simply because it had suffered damages. *J.B. Custom, Inc. v.

Amadeo Rossi, S.A.*, 2011 U.S. Dist. LEXIS 3623, \*15 (N.D. Ind. Jan. 13, 2011). Beyond this,

and with respect to Lanham Act claims, courts commonly consider the location of the events

giving rise to the claim where the alleged infringement occurs. *Specht v. Google, Inc.*, 660 F.

Supp. 2d 858, 867 (N.D. Ill. 2009). Contrary to Plaintiffs assertion, the alleged infringement is

occurring in Michigan, with Plaintiffs suffering damages in Indiana. *See Specht*, 660 F. Supp. 2d

at 867. Furthermore, because Plaintiff brings trademark infringement claims against Defendants,

Defendants' purchasing of Stanz Foodservice products on six occasions in Indiana does nothing to further their venue argument, as it is unrelated to the infringement they seek to stop. [*See* DE 19-4]. In fact, it would appear the only event which occurred in this District was the execution of the license agreement. While "the test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district," the Court finds that here, "a substantial portion of the activities giving rise to the claim occurred in the Western District of Michigan. Therefore, venue is improper here. *See Meyer.,* 2020 U.S. Dist. LEXIS 105350, at *11-12 (citing *TruServ Corp.*, 6 F.Supp.2d at 792).

The decision to transfer a case is left to the sound discretion of the Court. *Vera Bradley Designs, Inc. v. Denny*, 2018 U.S. Dist. LEXIS 127391, at *11-14 (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1999)). However, "[t]he court must first determine that an adequate alternative forum is available to hear the case, meaning that all parties are within the jurisdiction of the alternative forum and amenable to process there, and that the parties would not be treated unfairly or deprived of all remedies if the case were litigated in the alternative forum." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 524 (7th Cir. 2001).

## II.    Subject-Matter Jurisdiction

In their Complaint, Plaintiff alleges that "[s]ubject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338, as this is a claim for violation of the Lanham Act pursuant to 15 U.S.C. §§ 1114 and 1125(a)." [DE 1]. Defendant, citing *Int'l Armor & Limousine Cp. v. Moloney Coachbuilders, Inc.*, argues that this is not a dispute arising under federal law, because it turns on the meaning of the terms of the Product License Agreement and Addendum. [DE 18; DE 41]; 272 F.3d 912, 913 (7th Cir. 2001).

*Int'l Armor* does not stand for the proposition that whenever a trademark infringement claim is intertwined with a contractual relationship, there is no federal jurisdiction over a resulting Lanham Act claim. *UL, LLC v. Am. Energy Prods., LLC*, 2018 U.S. Dist. LEXIS 6189, at *7 (N.D. Ill. Jan. 13, 2018). Both *Int'l Armor* and the Second Circuit decision on which it was premised, *Eliscu*, involved disputes over ownership of a trademark or copyright. *Id.* That is not at issue in this case; Plaintiff clearly owns the trademarks and service marks at issue here. Defendant tries to muddy the water by arguing that the renewal language of the Product License Agreement and Addendum is ambiguous as to the length of the terms, and that Defendant did in-fact execute a renewal, but the Court disagrees with both.

First, and as Plaintiff alleges in the Complaint, "[t]he Product License Agreement and Addendum had an initial term of ten (10) years, expiring on or about July 1, 2017." The Addendum clearly modified the Product License Agreement from five years to ten years, which Plaintiff concedes in the Complaint. However, the crux of the issue is that Defendants failed to renew, as evidenced by their own admission in an email to Ramona Lawson on August 24, 2021. Defendant Hosticka stated: "In reviewing my agreements I see that the license agreement for the Muskegon location has actually expired although we obviously continue to operate under its terms and we do not have a license agreement for the Montague location." [DE 11-2, Page 19].

Notwithstanding this admission by Defendants, the language of the Product License Agreement and Addendum itself required that "any and all notices" be "personally delivered or mailed by expedited delivery service or certified or registered mail, return receipt requested, first-class postage paid, or sent by prepaid facsimile, telegram or telex…". [DE 1-6 at 7; DE 22-1 at 7]. This same language appears in the Marks and Product License Agreement, [DE 22-5, Page 10]. Defendants provided this Court a letter without any receipt or evidence that it was sent in

accordance with the contractual requirements above. [*See* DE 22-2]. For this additional reason, it does not appear Defendants exercised their rights to renew. Furthermore, Defendants provided receipts from purchases made with Dog-n-Suds after the termination of Defendants' license as evidence that they had in-fact renewed, but none of these items appear to be items with trademark or service marks, so it is unclear to the Court how this supports their argument that they had exercised their rights to renew. [*See* DE 22-3].

Here, the claims at issue arise under the Lanham Act, as they involve Defendants' alleged use of trademarks and services marks without an appropriate license to do so, which creates federal question jurisdiction. For this reason, the Court finds that subject-matter jurisdiction is satisfied against both Defendants in the federal courts of the Western District of Michigan.

## III.    Personal Jurisdiction

In a federal question case, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. Fed. R. Civ. P. 4(k)(1)(A); *Dekko, Inc. v. Metro Light & Power*, LLC, 2024 U.S. Dist. LEXIS 231693, at \*31-32 (N.D. Ind. Dec. 23, 2024) (citing *Curry v. Revolution Lab'ys*, LLC, 949 F.3d 385, 393 (7th Cir. 2020)). Plaintiffs' claim arises from the Lanham Act, "which does not authorize nationwide service of process." *Grp. Dekko, Inc.*, 2024 U.S. Dist. LEXIS 231693, at \*31-32 (citing *Curry*, 949 F.3d at 393). Therefore, the Western District of Michigan may exercise personal jurisdiction if authorized by Michigan law.

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
> (1) Presence in the state at the time when process is served.
> (2) Domicile in the state at the time when process is served.

6

(3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

MCLS § 600.701. Here, Defendants both were domiciled in Michigan at the time process was served. [*See* DE 6; DE 7]. For this reason, the Court finds that the Western District of Michigan may appropriately exercise personal jurisdiction over Defendants.

## IV. Transfer

Having determined that the Western District of Michigan may exercise both subject-matter and personal jurisdiction over Defendants, the Court returns to evaluating whether transfer is appropriate. "In deciding whether transfer is appropriate under section 1406(a), courts are to look at whether the transfer is in the interest of justice; that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system." *Thomas v. Exxon Mobil Oil Corp.*, No. 2:06-CV-144, 2007 U.S. Dist. LEXIS 25253, 2007 WL 1035159, at *1 (N.D. Ind. Apr. 2, 2007) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002)). "When evaluating the convenience of the parties and witnesses, a court can consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties." *Thomas v. Exxon Mobil Oil Corp.*, No. 2:06-CV-144, 2007 U.S. Dist. LEXIS 25253, 2007 WL 1035159, at *1 (N.D. Ind. Apr. 2, 2007) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002)).

Here, while Plaintiff chose the Northern District of Indiana, venue is improper for the reasons discussed above. Defendants' infringement of Plaintiff's trademarks and service marks is allegedly occurring in the Western District of Michigan, which is also where the sources of proof are. For the convenience of parties and witnesses and in the interest of justice, this action is

8

**TRANSFERRED** to the United States District Court for the Western District of Michigan.  The

Clerk shall take all administrative steps necessary to effect this transfer.

      SO ORDERED.

      ENTERED: October 6, 2025

                          /s/ GRETCHEN S. LUND          
                          Judge
                          United States District Court